UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRIS J. PEAVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES, *et al.*,<br><br>    Defendants. | Civil No. 12-691 (CKK) |

MEMORANDUM OPINION
(August 26, 2015)

The Court is in receipt of Plaintiff's "Motion to Enter Rule 60(b)(3) Motion Following Complaint to Chief Justice of Court." Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion.

Federal Rule of Civil Procedure 60(b)(3) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." While Plaintiff, who is proceeding *pro se*, styles his filing as a "Rule 60(b)(3)" motion, it is far from clear what Court order or orders Plaintiff is seeking relief from and on what basis. As best as the Court can decipher, it appears that Plaintiff is challenging the Court's "Response to [Plaintiff's] 'Complaint of Ex-Parte Actions to the Chief Justice of the Court' issued

---

[1] Plaintiff's Motion to Enter Rule 60(b)(3) Motion Following Complaint to Chief Justice of Court ("Pl.'s Mot."), ECF No. [59]; Defendants' Opposition to Plaintiff's Motion for Relief from Judgment ("Defs.' Opp'n"), ECF No. [60]; Plaintiff's Response to Defendants' Opposition to Motion Filed Under Rule 60(b)(3) ("Pl.'s Reply"), ECF No. [61].

as an Order on May 7, 2014, which addresses Plaintiff's complaints regarding docket entries [18], [23], [36], [39], and a May 7, 2013, Minute Order. *See* ECF No. [56]. However, Plaintiff's Motion primarily reargues his earlier assertions in his "Complaint of Ex-Parte Actions"—assertions with which the Court already thoroughly engaged in its May 7, 2014, Order. Specifically, Plaintiff appears to again be challenging, on the same bases, docket entries [18], [23], [36], [39], and the May 7, 2103, Minute Order.[2] "[I]t is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.' " *Estate of Gaither ex rel. Gaither v. District of Columbia,* 771 F.Supp.2d 5, 10 (D.D.C. 2011) (quoting *Secs. & Exch. Comm'n v. Bilzerian,* 729 F.Supp.2d 9, 14 (D.D.C. 2010)).

Plaintiff does not point to any basis for setting aside the Court's May 7, 2014, Order other than to argue that, although the Court acknowledged in its Order an error that had earlier been made in the docket, the Court "fail[ed] to correct those errors and order erroneous orders to be struck." Pl.'s Mot., at 3. Specifically, Plaintiff is referencing an error made in the Court's October 17, 2013, Order, ECF No. [39], which incorrectly characterized Plaintiff's Reply, ECF No. [38], in support of his motion for default judgment as "untimely." In the Court's May 7, 2014, Order, the Court explained the source of the error:

> On June 17, 2013, the Court docketed Plaintiff's Motion to Enter Corrected Copy of the Certificates of Service related to Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss. *See* ECF No. [33]. Attached as an exhibit to this document was Plaintiff's Reply in support of his second Motion

---

[2] Plaintiff also appears to be arguing that the Court should have made corrections to docket entries [29] and [38], however, these docket entries are not orders of the Court, but filings placed on the docket by the parties. *See* ECF No. [29] (Defendants' Notice of Corrected Certificate of Service); ECF No. [38] (Plaintiff's Reply to Opposition to Motion for Default Judgment).

for Default Judgment. *See* ECF No. [33-1]. Despite the fact that Plaintiff's Reply was attached to a filing that was completely unrelated to Plaintiff's second Motion for Default Judgment, the Court assumed to Plaintiff's benefit that Plaintiff intended the attachment to serve as his Reply in support of his second Motion for Default Judgment. As indicated by the Court's October 7, 2013, Order, ECF No. [35], ordering the Clerk of Court to docket the attachment as Plaintiff's Reply prior to the Court ruling on Plaintiff's second Motion for Default Judgment, the Court considered Plaintiff's Reply when ruling on Plaintiff's Motion for Default Judgment. In the confusion brought about by the errata and unrelated attachment filed by Plaintiff, which was only properly docketed by the Clerk of Court after the Court ruled on Plaintiff's second Motion for Default Judgment and several months after Plaintiff's Reply was due to the Court, *see* ECF No. [38], the Court incorrectly characterized Plaintiff's Reply as "untimely," *see* ECF No. [39]. However, the Court again fully considered Plaintiff's Reply, this time as a Motion for Reconsideration, which the Court denied. *See id.* Consequently, the public docket makes clear that all of the documents Plaintiff submitted in support of his second Motion for Default Judgment were considered by the Court. Indeed, Plaintiff's Reply was considered twice and in two different contexts. Accordingly, any irregularity in the Court's treatment of Plaintiff's Reply was harmless.

Although the Court acknowledged the error and found it to be harmless in its May 7, 2014, Order, Plaintiff persists in requesting that the actual erroneous docket entry—ECF No. [39]—be stricken. Accordingly, the Court hereby ORDERS the Clerk of Court to STRIKE the Court's October 17, 2013, Order, ECF No. [39], because—as already acknowledged in the Court's May 7, 2014, Order—it incorrectly characterizes Plaintiff's Reply, ECF No. [38], as untimely.

In addition, Plaintiff challenges, for the first time in his Rule 60(b)(3) Motion, the Court's Order striking Plaintiff's Motion for Injunctive and Declaratory Relief. *See* Order (October 25, 2013), ECF No. [41]. Plaintiff asks the Court to strike this Order; however, it is entirely unclear why Plaintiff believes this Order should be stricken. Pl.'s Mot., at 3. The only information or argumentation Plaintiff offers in relation to this Order pertain to supposed irregularities in the Court's mailing of this Order to Plaintiff. The Court is unable to ascertain from Plaintiff's Motion

or the docket what, if any, mailing irregularities occurred.[3]  In any event, such an irregularity by itself would not constitute a basis for setting aside the Order.[4]

Accordingly, the Court finds that Plaintiff has failed to provide a reason under Rule 60(b)(3), or any other rule allowing reconsideration of a court's order, for setting aside the Court's May 7, 2014, Order.  The Court also finds that Plaintiff has failed to provide a reason for setting aside any of the orders Plaintiff challenged in his "Complaint of Ex-Parte Actions," with the exception of the Court's October 17, 2013, Order, ECF No. [39], which the Court stated *supra* it will strike.  An appropriate Order accompanies this Memorandum Opinion.

        */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff seems to suggest both that the Court "refused to serve" Plaintiff with its October 25, 2013, Order, and that the Order was never delivered to Plaintiff, citing docket entry [42], which indicates that mail sent to Plaintiff was returned as undeliverable. Pl.'s Mot., at 2. The Court has reviewed the docket and observes that the Clerk of Court attempted to mail Plaintiff copies of the Court's October 7, 2013, Order, ECF No. [36], and the Court's October 17, 2013, Order, ECF No. [39], shortly after the Orders were issued. Docket entry [42] indicates that these two Orders—not the October 25, 2013, Order—were returned to the court as undeliverable on October 28, 2013. That same day, the Clerk of Court resent the Orders to Plaintiff at his new address of record and there is nothing on the docket to suggest that these Orders were not successfully delivered to Plaintiff.  On October 29, 2015, the Clerk of Court mailed to Plaintiff a copy of the Court's October 25, 2013, Order, ECF No. [41], at his new address of record. There is nothing in the docket to suggest that this Order was not successfully delivered to Plaintiff.

[4] Plaintiff also makes several arguments about Defendants' actions in relation to Plaintiff's Notice of Appeal and appeal before the United States Court of Appeals for the District of Columbia Circuit.  *See* Pl.'s Mot., ECF No. [59-1], at 4. As these arguments pertain only to Plaintiff's case before the Court of Appeals, they have no relevance to this district court case.